**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:20-cr-00096-TWP-DLP-3 |
| ) | |
| ROBERT HINTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR RECONSIDERATION OF RELEASE ORDER**

This matter is before the Court on the Government's Motion for Reconsideration of Release Order. (Filing No. 415.) The Government requests a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Robert Hinton ("Hinton"). For the reasons stated below, the Court finds the Government has met its burden to show by clear and convincing evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Hinton might flee. The Government's Motion is **granted.** Accordingly, the Court issues its findings of fact, conclusions of law and Order.

**I. FINDINGS OF FACT**

Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has reviewed the Minute Entry of Proceedings held on September 21, 2020 before a Magistrate Judge in the Central District of California, (Filing No. 417-2), audio recording of the proceedings held on September 21, 2020, the pretrial services report ("PS3") prepared by the United States Probation Office in California, the PS3 prepared by the United States Probation Office in this district, (Filing No. 502), considered the Government's Motion for Reconsideration of Release Order (Filing No. 415), Defendant's

Response in Opposition to Government's Motion for Reconsideration of Release Order, (Filing No. 495), as well as proffers, evidence and argument submitted at the December 10, 2020 hearing.

The Superseding Indictment alleges from on or about the summer of 2018 through March 19, 2020, Hinton and 12 co-defendants conspired to distribute Methamphetamine and Heroin in the Indianapolis, Indiana area, (Filing No. 262).  During the course of its investigation, the Drug Enforcement Agency ("DEA") maintained wiretaps of co-defendant Clifford Tate ("Tate") and intercepted calls between Tate, Danielle Dowling ("Dowling") and Eric Poore ("Poore").  Based on conversations in these calls, DEA conducted surveillance and observed Tate meet with Hinton; thereafter Tate delivered a package containing Methamphetamine to Dowling. On another date, agents observed Tate and Hinton visit the residence of Poore and at that time, the Defendants completed a multi-pound Methamphetamine transaction.

On March 19, 2020 agents with the DEA executed a federal search warrant at Hinton's residence located on Audubon Street in Indianapolis, Indiana. The search revealed a quantity of heroin, plastic baggies, four digital scales, $16,100.00 in United States currency, and a box for a Sig Sauer handgun serial number 6AA650508.  No firearm was located in the residence.  A federal arrest warrant was issued, but Hinton could not be located.

In an effort to locate Hinton, on May 14 2020, DEA Special Agent Matthew Holbrook ("Agent Holbrook") visited Hinton's last known place of employment and the employer advised that Hinton's mother called and said that Hinton was having some "legal issues" and would not be working for a while.  Agent Holbrook's investigation revealed that Hinton has been a fugitive from justice since March 19, 2020.  Deputy United States Marshal Gabriel Guerrero spoke with Hinton's sister, cousin and business partner.  The family members indicated they did not know his whereabouts.  His business partner reported that Hinton was in Los Angeles, he was aware that a

federal warrant for his arrest existed in Indianapolis, and he was communicating using the Signal telephone app to "stay under the radar" (Filing No. 415 at 3).

Hinton was arrested by the United States Marshals Service in Anaheim, California six months later, on September 18, 2020. At the time of his arrest, Hinton had the Sig Sauer handgun, serial number 6AA650508, in his possession with nine live rounds in the magazine and one round in the chamber. (Filing No. 500-2 at 3.) When advised by the arresting Marshal that he was being arrested on an out of state warrant, Hinton acknowledged awareness of the arrest warrant by stating "yeah, I know." *Id*.

On or about September 21, 2020, Hinton appeared before a Magistrate Judge in the Central District of California for his initial hearing. The government moved for his detention pending trial pursuant to 18 U.S.C. § 3142 (2), on the basis that no condition or combination of conditions will reasonably assure the appearance of Hinton as required and the safety of any person and the community. (Filing No. 436-7). At the conclusion of the hearing, the magistrate judge ordered that Hinton was to be released subject to certain conditions, but the execution of the release order was stayed upon motion of the government pending review of the order by this Court. Among the factors relied upon by the magistrate judge was a finding that Hinton had no criminal history[1].

A National Crime Information Center ("NCIC") database report reveals that Hinton has a juvenile adjudication for felony auto theft and adult felony convictions for Dealing in a Narcotic Drug on or about November 14, 2014, and Possession of a Narcotic Drug in 2003. (Filing No. 415-2.) Hinton also failed to appear when ordered to do so on January 23, 2009 and January 31, 2019; however, Hinton successfully completed the sentences on both of these cases. Hinton has

---

[1] The Court has listened to the audio tape of the September 21, 2020 California detention hearing. At the December 10, 2020 hearing, both counsel advised that they had not listened to the audio recording of those proceedings. If either counsel desires to listen, they may contact the Courtroom Deputy Clerk to gain access.

no revocations of probation, community corrections or parole. All of Hinton's prior arrests and convictions were expunged or sealed by the Marion Superior Court, pursuant to Indiana Code § 35-38-9 on either June 11, 2019 or July 25, 2019 (*see* Filing No. 500-1, Filing No. 502).

Hinton is 34 years of age and has ties to the Indianapolis community. He has been a resident of the Indianapolis, since age ten, and his mother and siblings reside in Indianapolis. He is single and has no children. Hinton has not been employed since March 2020 and his financial resources are unknown. If released, he is able to reside with his mother, who resides in the Southern District of Indiana. (Filing No. 495 at 2.) He can begin employment with a prior employer, who he worked for from 2016-2018. Hinton possessed a U.S. passport; however, it was seized during the search of his apartment. Hinton suffers from Type 2 Diabetes, and high blood pressure. He takes Humalin N (insulin), MetFormin for diabetes, Glipizide for diabetes, Lisinopril for high blood pressure, daily Tylenol for high blood pressure headaches, and a water pill. (Filing No. 495 at 2.)

The PS3 prepared by the Probation department in this District (Filing No. 502) reflects that the instant offense is Hinton's nineteenth arrest, and he has sustained two prior felony drug convictions as an adult. In 2006, he was charged and acquitted of murder and handgun possession offenses. *Id*. Hinton has never violated the conditions of probation, and was not under supervision at the time of his arrest in this case. *Id*. Hinton was not given a drug test at the time of his arrest, and there is no report of substance abuse. The Indiana PS3 places Hinton in risk Category 2, indicating a relatively low risk of flight and/or danger to the community. Importantly, the Probation Office reports that it does not consider expunged cases when assessing risk of nonappearance or danger and expunged cases are not factored into the calculation of the Pretrial Risk Assessment. (Filing No. 502 at 4.)

## II.  CONCLUSIONS OF LAW

The parties agree there is a presumption for detention as Hinton is charged under the Controlled Substance Act, for an offense which has a maximum penalty in excess of ten years. *See* 18 U.S.C. § 3142(e).  Thus, the burden of production lies first with the defense.  If Hinton is able to rebut the presumption of detention, the burden of proof then lies with the Government as to dangerousness by clear and convincing evidence, and as to flight by a preponderance of the evidence. The presumption that those conditions cannot be determined or found to reasonably assure appearance and safety does not disappear upon the production of some evidence, but remains a factor in the case.  On this point, the Seventh Circuit has adopted the thorough reasoning of the court in *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985).  *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986), and *United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985).  Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of a presumption, the rebuttable presumptions of § 3142(e) are not such "bursting bubbles." *Jessup,* 757 F.2d at 383.  Thus, even if a defendant has rebutted a presumption by producing some evidence, the court should still give weight to Congress's finding and direction that repeat offenders involved in crimes of violence or drug trafficking, as a general rule, pose special risks of flight and danger to the community.  *Dominguez*, 783 F.2d at 707; *Diaz*, 777 F.2d at 1238; *Jessup*, 757 F.2d at 383.

In order to consider a defendant for detention based on the risk of flight under subsection (f)(2)(A), the court must find that risk to be present by a preponderance of the evidence. *United States v. Thomas,* 2011 WL 5386773 at *3 (S.D.Ind. Nov.7, 2011) (citing *Friedman,* 837 F.2d at 49). Thereafter, the court must determine whether there are conditions of release that will

reasonably assure a defendant's appearance and the safety of any other person and the community,

the court must consider the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

Indiana Code Title 35-38, Chapter 9, Sealing and Expunging Conviction Records provides as follows:

> A person whose record is expunged shall be treated as if the person had never been convicted of the offense. However, upon a subsequent arrest or conviction for an unrelated offense, the prior expunged conviction:
>
> (1) may be considered by the court in determining the sentence imposed for the new offense;
> (2) is a prior unrelated conviction for purposes of:
>     (A) a habitual offender enhancement; and
>     (B) enhancing the new offense based on a prior conviction; and
> (3) may be admitted as evidence in the proceeding for a new offense as if the conviction had not been expunged.

I.C. § 35-38-9-1(e).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards

set forth above. Among the factors presented for the Court's consideration is Hinton's character, his family ties, lack of employment, unknown financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A).

The Court first considers the nature and circumstances of the offenses charged. 28 U.S.C. § 3142(g)(1). DEA agents conducted surveillance and observed Hinton engage in what appeared to be the distribution of Methamphetamine. A search of his apartment revealed heroin, baggies, scales and a large sum of cash, all indicative of drug trafficking. The offense charged is serious and the weight of the evidence against Hinton is strong and favors detention. 18 U.S.C. § 3142 (g)(2).

There are factors weighing in Hinton's favor. He has ties to the Indianapolis community and at the time the offense was charged, he was not on probation, parole or otherwise completing a sentence. Although he has over 19 arrests, two failures to appear and sustained two prior felony drug convictions, Hinton successfully completed his sentences and is not presently under any conditions. His convictions and arrests were sufficiently aged such that he was granted expungement and sealing of his criminal history of arrests and convictions in June and July 2019. He has not recently traveled outside the United States and his passport has been confiscated. Hinton also has a prospect for employment if released.

As an initial matter, the Court notes that although the Government originally sought detainment based on both dangerousness and risk of flight, the Government has abandoned its dangerousness position and argues only risk of flight. In order to consider a defendant for detention based on the risk of flight, the Court must find that risk to be present by a preponderance of the evidence. *United States v. Thomas,* 2011 WL 5386773 at *3 (S.D.Ind. Nov.7, 2011). That

burden is met in this case as there are several factors which demonstrate that Hinton is a serious risk of flight.

Hinton has been unemployed since at least March 2020. Following a search of his apartment in March 2020, Hinton became aware that a federal warrant for his arrest had been issued, yet he failed to surrender. Instead, he resigned his employment because of "legal issues" and relocated to California. The Court determines that Hinton likely has the financial means to flee, as $16,100.00 US currency was recovered during the search of his home. Hinton was arrested six months later in Anaheim, California by the United States Marshals Service Fugitive Task Force. At the time of his arrest, Hinton was in possession of a semi-automatic firearm, loaded to capacity with nine 9mm rounds in the magazine and one live round in the chamber. There is both direct and circumstantial evidence that Hinton was aware that a fugitive warrant existed for his arrest. There is no evidence or explanation as to why Hinton was in California for the six months preceding his arrest and it appears his purpose was solely to evade law enforcement.

Equally troubling is that at his detention hearing in California, Hinton's lawyer argued that Hinton had no prior criminal history. We know that is not true. Hinton's convictions were expunged and/or sealed by the Marion Superior Court—between June and July 2019—dates during the course of the alleged conspiracy. But Indiana law specifically allows a court to consider expunged or sealed convictions as evidence in proceedings for a new offense, as if the conviction had not been expunged. *See* I.C. 35-38-9-1(e)(B)(3) [2]. Hinton's criminal history contained two

---

[2] Indiana's Expungement statute was enacted to enable the *Restoration of rights*: Civil rights, including voting rights and eligibility for public office and jury service, are restored upon expungement, as are firearm rights ("to the extent not prohibited by federal law"). § 35-38-9-10(b); and to end employment *Discrimination*. The statutory exception were carved out to prevent evasion following new criminal activities. *See* 2018 WL 3371287 Federal Sentencing Reporter Volume 30, Numbers 4-5 April - June, 2018, Indiana Law On Expungement And Sealing.

prior felony drug convictions. Based on these findings, the Court determines that the presumption of detention has not been overcome, and concludes that Hinton is a serious risk of flight.

Next, the Court must consider whether any condition or combination of conditions exist which would reasonably assure Hinton's appearance as required. The Court is cognizant that the United States Supreme Court has held that Congress did not intend pretrial detention to be punitive. *See United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697, (1987). This decision is not.

The Court has considered the recommendation of the probation officer that "defendant poses a risk of nonappearance for the following reasons: 1. Unstable residential history 2. Unemployment History". (Filing No. 502 at 4.) The probation officer recommends (among other things) that Hinton be released with conditions to report to pretrial services and not travel outside of this district unless approved. *Id*. Importantly, as argued by the Government, Hinton's criminal history, the circumstances of his arrest—including his possession of a loaded firearm—and his awareness that he was a fugitive, did not factor into the risk assessment performed by the probation office. Accordingly, this recommendation is given little weight.

As required, the Court has considered whether reasonable, less-restrictive alternatives to detention exists, but finds none exists in this case. *See* 18 U.S.C. § 3142(e); *United States v. Infelise,* 934 F.2d 103, 105 (7th Cir.1991). Home detention is not sufficient. As noted by the probation officer, Hinton provides an unstable residential history. His counsel proffered that if released, Hinton could reside with his mother in the Southern District of Indiana, but Hinton has not provided his mother's name or address in either his filing or at the hearing. (See Filing No. 495 at 2.) There is uncertainty as to where Hinton would reside if placed on home detention. In his California PS3, Hinton lists his address as the residence on Audubon Street in Indianapolis, but

9

in the Indiana PS3 provides an address in Camby, Indiana. Moreover, home detention or electronic monitoring is not sufficient to deter someone from fleeing, because all one has to do is remove the monitoring device. If Hinton were inclined to again evade apprehension and avoid resolution of this case, home detention or electronic monitoring would not prevent him from succeeding.

Hinton cites his diabetes and high blood pressure as a reason why he should be released; however, his diabetes and hypertension did not prevent him from being a fugitive for six months until his apprehension in California. At the hearing, Hinton's counsel also argued that Hinton "was out pending resolution of his most recent conviction, came to court every time, and was ultimately sentenced to 20 years in the Department of Correction. If a person is going to run, that would have been an opportunity…yet [Hinton] stayed around." The Court is not persuaded by this argument. Because of Hinton's prior drug convictions, and his possession of a loaded firearm at the time of his arrest, the instant federal drug case may qualify for greater penalties than what he faced in his last state court conviction. If a defendant is inclined to run because he faces a lengthy sentence if convicted, the present would be a time to run.

The nature of the offenses, the strong weight of evidence against Hinton, his past and present conduct, lack of verifiable employment and residential address, and questionable financial resources all favor detention. The Court finds by a preponderance of evidence that no condition, or combination of conditions exist, to reduce the serious risk of flight if Hinton were released. Detention is therefore appropriate.

### III. <u>ORDER</u>

Hinton has failed to overcome the presumption of detention. After considering the factors set forth under 18 U.S.C. § 3142(g), the District Court's *de novo* determination is that the

Government has met its burden of proof. For the reasons stated above, the Government's Motion for Reconsideration of Release Order (Filing No. 415) is **GRANTED**.

Hinton is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 12/17/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Grace B. Atwater
KAMMEN & MOUDY
grace@kammenlaw.com

Joshua S. Moudy
KAMMEN & MOUDH
josh@kammenlaw.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov